**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

MAY 24 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LAURA BLANKENSHIP, as Co-Personal Representative and a Legal Heir of the Estate of Alexander L. Mandarino; LAMONT MANDARINO, as Co-Personal Representative and a Legal Heir of the Estate of Alexander L. Mandarino,

Plaintiffs-Appellants,

v.

TODD MCDEVITT, individually; ADAM DURFLINGER, individually; SHOSHONE COUNTY SHERIFF'S DEPARTMENT,

Defendants-Appellees.

No. 16-35891

D.C. No.
2:14-cv-00281-EJL-REB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Argued and Submitted May 15, 2018
Seattle, Washington

Before: BERZON, THACKER,[**] and HURWITZ, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Stephanie Dawn Thacker, United States Circuit Judge for the U.S. Court of Appeals for the Fourth Circuit, sitting by designation.

Laura Blankenship and Lamont Mandarino ("Appellants"), as personal representatives and legal heirs to the estate of Alexander L. Mandarino ("Mandarino"), appeal the district court's award of summary judgment to Todd McDevitt, Adam Durflinger, and the Shoshone County Sheriff's Office on Appellants' 42 U.S.C. § 1983 excessive force claim. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1. The district court did not err in determining that Mandarino's Fourth Amendment right to be free from excessive force was not violated. We conclude that the use of deadly force was objectively reasonable for the reasons stated by the district court in its Memorandum Decision and Order.[1]

2. The district court also did not err in granting summary judgment to McDevitt and Durflinger based on qualified immunity. Because no constitutional violation occurred, the officers are entitled to qualified immunity. *See Aguilera v. Baca*, 510 F.3d 1161, 1167 (9th Cir. 2007) ("If we determine . . . that no constitutional violation occurred, the qualified immunity inquiry is at an end.").

3. Finally, the district court did not err in granting summary judgment to the Sheriff's Office. Because no constitutional violation occurred, the Sheriff's Office "cannot be held liable and whether 'the departmental regulations might have

---

[1] On appeal, Appellants conceded that the deadly force used in the last 15 seconds of the encounter was objectively reasonable. But even in the absence of that concession, the claim fails for the reasons stated by the district court.

authorized the use of constitutionally excessive force is quite beside the point.'"

*Long v. City & Cty. of Honolulu*, 511 F.3d 901, 907 (9th Cir. 2007) (quoting *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986)).

**AFFIRMED.**